IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


**LARRY CLARK DAVIS**                                                                                          **PETITIONER**

V.                                           CASE NO.  4:99CR00042 JMM

**UNITED STATES OF AMERICA**                                                                      **RESPONDENT**


**ORDER**

Pending before the Court are Petitioner's 28 U.S.C. § 2255 petition and *Pro Se* Notice of Intent to file a timely § 2255 Motion or in the alternative a § 2241(c)(3) petition in which he seeks to set aside or correct his life sentence.  For the reasons stated below, the petitions are denied (#179 and #180).

On February 1, 2000, Petitioner was convicted in district court of attempted armed bank robbery, use of a firearm in a crime of violence, and being a felon in possession of a firearm.  The jury also found that Petitioner brandished a firearm while committing a crime.  The Court entered a Judgment and Commitment Order on October 18, 2000, sentencing Petitioner to life imprisonment, a consecutive sentence of 84 months, a concurrent sentence of 120 months, supervised release of 5 years, and a special assessment of $300.00.

The Court of Appeals for the Eighth Circuit affirmed Petitioner's conviction and sentence on September 24, 2001, *see United States v. Davis*, 260 F.3d 965 (8th Cir. 2001), and the United States Supreme Court denied his petition for *certiorari* on January 14, 2002.

On April 8, 2002, Petitioner filed a *pro se* 28 U.S.C. § 2255 motion which was denied by district court. Petitioner did not appeal this denial. On June 27, 2005, Petitioner filed a second *pro se* § 2255 motion which was denied as successive. Petitioner sought, and was denied on July 30, 2010, permission from the Court of Appeals to file a successive § 2255 petition.

On February 2, 2010, Petitioner filed a *pro se* Notice of Satisfaction of Judgment contending that because he had paid his $300.00 special assessment, his Judgment and Commitment Order was void. This Court found that Petitioner's Notice of Satisfaction of Judgment was an attempt to file a successive § 2255 petition and denied the petition. Petitioner filed a Motion to Reconsider which was denied. The Court's March 22, 2010 Order denying without prejudice the successive *habeas* petition and the April 6, 2010 Order denying the Motion to Reconsider were affirmed on appeal.

Petitioner has now filed a successive § 2255 petition without permission from the United States Court of Appeals contending in his Notice of Intent to file a successive *habeas* petition that there has been intervening changes in law which were not available to him in 2002 when he filed his first petition. *See Williams v. Hobbs*, 685 F.3d 842, 853 (8th Cir. 2011) ("Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second *habeas* petition without first obtaining our authorization"). Petitioner directs the Court to *Missouri v. Fry*, 566 U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) for the proposition that under the Sixth Amendment counsel has the duty to convey to a defendant all formal plea bargains from the prosecution.

These cases are not relevant to the claims raised in Petitioner's current § 2255 petition which are that his trial counsel was ineffective because he failed to appeal Petitioner's classification as a repeat offender.  Moreover, Petitioner has attached a letter to his petition from the Assistant United States Attorney who prosecuted his case which states that she has no recollection of any plea offer other than a life sentence.

Because the alleged intervening changes in law are not related to Petitioner's arguments raised in his petition, Petitioner must obtain permission from the Eighth Circuit Court of Appeals to file a successive § 2255.  *See* 28 U.S.C. § 2244(b)(3)(A).  Because he has failed to do, the Court lacks authority to grant him the relief he seeks.

To the extent Petitioner is attempting to file a 28 U.S.C. 2241, it is denied without prejudice as a § 2241 must be brought in jurisdiction of incarceration.  *See Nichols v. Symmes*, 553 F.3d 647 (8th Cir. 2009).  The record reflects that Petitioner is currently incarcerated at the McCreary Penitentiary in Pine Knot, Kentucky.

For the reasons stated above, Petitioner's petition for *habeas corpus* relief and his Notice of Intent are DENIED without prejudice (#179 and #180).

IT IS SO ORDERED THIS   18    day of   June  , 2012.


                                                                          /s/ James M. Moody
                                                                          James M. Moody
                                                                          United States District Judge

3